UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN J. CRANE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>URS MIDWEST, INC., a Delaware Corporation, and DOES 1-10, inclusive,<br><br>Defendant. | NO.<br><br>**NOTICE OF REMOVAL BY DEFENDANT URS MIDWEST, INC.** |

Pursuant to 28 U.S.C. § 1332(d); 28 U.S.C. § 1441 *et. seq.* and 28 U.S.C. § 1446 *et. seq.*, defendant URS Midwest, Inc. ("URS") hereby removes the above-captioned case from the Superior Court of Washington for King County to this Court on the ground of original jurisdiction based on 28 U.S.C §1332(d). The following statement is submitted in accordance with 28 U.S.C. §1446:

## I. JURISDICTION

1.  28 U.S.C § 1332(d), or the Class Action Fairness Act ("CAFA"), grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, where there are at least 100 putative class members, and where the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

NOTICE OF REMOVAL BY DEFENDANT URS MIDWEST, INC. - 1

2. This Court has jurisdiction over this case under 28 U.S.C. § 1332(d), and this case may be removed pursuant to 28 U.S.C. § 1441(a) because: (1) the proposed class described in Plaintiff's Complaint contains more than 100 members; (2) URS is not a state, state official or other governmental entity; (3) the total amount in controversy for all class members exceeds $5,000,000 and; (4) there is diversity between at least one class member and URS.

3. The minimal diversity requirement is satisfied in this case because Plaintiff, and the proposed class that he represents, consists of drivers who reside in Washington and URS's domicile is Delaware and principal place of business is Michigan. 28 U.S.C. §1332(d).

4. As set forth below, this case meets all requirements under 28 U.S.C. §1332(d) for removal and is timely and properly removed by the filing of this Notice.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 84(c) and §1391.

## II. STATUS OF PLEADINGS

1. On or about August 2, 2019, Plaintiff filed a First Amended Complaint for Unpaid and Wrongfully Withheld Wages ("Complaint") in the Superior Court for the State of Washington for King County, captioned *Kevin Crane v. URS Midwest, Inc.*, Case Number 19-2-20334-0 SEA. The Complaint is a purported class action. A true and correct copy of the Complaint is attached as **Exhibit A**. Attached to the Declaration of Sheryl J. Willert are true and correct copies of the Complaint and all additional records and proceedings on file in state court in this action.

2. The Complaint asserts that Plaintiff, and the putative class members, are current or former URS drivers, who were paid by the mile, but were allegedly not compensated appropriately for rest periods and non-driving tasks.

3. Plaintiff's Complaint asserts four causes of action on behalf of the putative class: (1) Implied cause of action pursuant to RCW 49.12: failure to pay hourly and separate wages for time spent on statutory rest periods apart from and in addition to the piece-rate pay in violation

NOTICE OF REMOVAL BY DEFENDANT URS MIDWEST, INC. - 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6937343.1

of WAC 296-126-092(4); (2) Violations of 49.46.020;090 Failure to Pay Minimum Wage for All Hours Worked; (3) Violations of RCW 49.52.050(2) Failure to Satisfy Wage Obligations Assumed Through Contract; and (4) Double Damages for Willful and Intentional Withholding of Wages Pursuant to RCW 49.52.050; 070 Flowing from Causes of Action One and Three.

4. A copy of the Complaint, Summons, and Civil Case Cover Sheet were served on URS on August 5, 2019.  Willert Decl., Ex. A.

### III. JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT IS SATISFIED

1. Pursuant to Section 4 of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2):

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which —
>
> any member of a class of plaintiffs is a citizen of a State different from any defendant.

2. This Court has jurisdiction over this action pursuant to CAFA, 28 U.S.C. §1332(d), and this case may be removed by URS pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil class action wherein:  (1) the proposed class contains at least 100 members; (2) Defendants are not the state, state official or other governmental entity; (3) the total amount in controversy exceeds $5,000,000; and (4) there is diversity between at least one class member and Defendants.  28 U.S.C. §1332.

3. Further, while there are a number of exceptions to this rule of original jurisdiction contained in 28 U.S.C. §1332(d)(3)-(5), none of the exceptions are applicable here, as demonstrated hereafter.

**A. Minimum Diversity of Citizenship Exists.**

1. Plaintiff alleges that he and the proposed class members are Washington residents. **Ex. A**. Accordingly, Plaintiff is a citizen of Washington for purposes of determining

NOTICE OF REMOVAL BY DEFENDANT URS MIDWEST, INC. - 3

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6937343.1

1  diversity. 28 U.S.C. §1332(a)(1) (an individual is a citizen of the state in which he or she is
2  domiciled); see also *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)
3  (residence is prima facie evidence of domicile for purposes of determining citizenship).

4      2.     For diversity purposes, as a corporation, URS is deemed to be a citizen of the
5  state in which it has been incorporated and the state where it has its principal place of business.
6  28 U.S.C. § 1332(c)(1). A corporation's principal place of business is the state containing "a
7  substantial predominance of corporate operations." *Tosco Corp. v. Communities for a Better*
8  *Environment*, 236 F.3d 495, 500 (9th Cir. 2001) (quoting *Indus. Tectonics, Inc. v. Aero Alloy*,
9  912 F.2d 1090, 1092 (9th Cir. 1990)). The U.S. Supreme Court issued clarification on the
10 definition of a corporation's "principal place of business." In *Hertz Corp. v. Friend*, 130 S.Ct.
11 1181, 1192 (2010), the Supreme Court concluded that that "principal place of business is best
12 read as referring to the place where a corporation's officers direct, control, and coordinate the
13 corporation's activities." The Supreme Court further clarified that, "in practice" the principle
14 place of business "should normally be the place where the corporation maintains its headquarters
15 - provided that the headquarters is the actual center of direction, control, and coordination."
16 *Hertz Corp.*, 130 S.Ct. at 1192.

17     3.     Under the foregoing standard, the facts here clearly establish that URS is a citizen
18 of Delaware and Michigan for purposes of removal. URS was incorporated in the State of
19 Delaware and maintains its corporate headquarters in Romulus, Michigan. Decl. of Colleen
20 Ward ¶¶ 4-5. Romulus, Michigan is where the vast majority of URS' corporate and executive
21 officers are employed. *Id.* The vast majority of URS administrative functions (including that of
22 legal, payroll, human resources, marketing, operations and planning), are conducted in Romulus,
23 Michigan. *Id.* And, Romulus, Michigan is also where the actual center of direction, control and
24 coordination for URS takes place. *Id.* Accordingly, URS's principal place of business is in
25 Michigan. *Id.*; see also 28 U.S.C. § 1332(c)(1); *Tosco Corp*, 236 F.3d at 500.

NOTICE OF REMOVAL BY DEFENDANT URS MIDWEST, INC. - 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6937343.1

4. In accordance with the foregoing, Plaintiff is a citizen of the State of Washington. URS is a citizen of the States of Michigan and Delaware (which is again, the principal place of business and state of incorporation, respectively, for URS). Thus, the minimum diversity requirement under CAFA is satisfied.

**B.    The Amount in Controversy Exceeds the $5,000,000 Requirement Under CAFA.**

1. Without making an admission of liability or damages with respect to any aspect of this case or to the proper legal test(s) applicable to Plaintiff's allegations, URS represents that the amount placed in controversy by Plaintiff's claims exceeds the jurisdictional minimum of this Court. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997).

2. Defendants are not obliged to "research, state, and prove the Plaintiff's claims for damages." *McCraw v. Lyons,* 863 F. Supp. 430, 434 (W.D. Ky. 1994). Rather, Defendants can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. In other words, the Court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. *Singer,* 116 F.3d at 377. In addition to the contents of the removal petition, the Court considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004); *Singer*, 116 F.3d at 377.

3. Where a plaintiff does not specify a particular amount of damages, a removing defendant has the burden to show that the amount placed in controversy "more likely than not" exceeds the jurisdictional minimum of the court. *See Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996). By contrast, where a plaintiff "has pled an amount in controversy less than $5,000,000," a removing defendant must prove with "legal certainty" that CAFA's

NOTICE OF REMOVAL BY DEFENDANT URS MIDWEST, INC. - 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6937343.1

1  jurisdictional amount is met. *Lowdermilk v. U.S. Bank Nat'l Ass'n,* 479 F.3d 994, 1000 (9th Cir.
2  2007). Here, Plaintiff has not pled an amount in controversy of less than $5,000,000. **Ex. A**.
3  Consequently, URS only need show that the amount placed in controversy "more likely than
4  not" exceeds the jurisdictional minimum of the court.

5        4.     In measuring the amount in controversy, a court must assume that the allegations
6  of the complaint are true and that a jury will return a verdict for the proposed class on all claims
7  made in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp.
8  2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by
9  Plaintiff's complaint, not what Defendant will actually owe. *Rippee v. Boston Market Corp.,* 408
10 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Scherer v. Equitable Life Assurance Soc 'y of the*
11 *United States,* 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable
12 amount of damages is not what is considered when determining the amount in controversy;
13 rather, it is the amount put in controversy by the plaintiff's complaint).

14       5.     URS provides the following calculations only to demonstrate that the amount in
15 controversy in this case exceeds the jurisdictional amount in controversy under CAFA. URS
16 expressly makes no admission of any liability or damages with respect to any aspect of this case,
17 or to the proper legal test to be applied to Plaintiff's claims or to whether a class action is proper.
18 Nor does URS waive its right to ultimately contest the proper amount of damages due, if any,
19 should Plaintiff prevail with respect to any of the claims.

20       6.     Plaintiff's Complaint has been styled as a class action pursuant to Washington
21 Superior Court Civil Rule ("CR") 23. CR 23 authorizes one or more representative individuals
22 to pursue a lawsuit as a class action and maintain the lawsuit if certain requirements are met. *See*
23 CR 23(a)-(b). Plaintiff brings this action on his behalf and a class defined as:

NOTICE OF REMOVAL BY DEFENDANT URS MIDWEST, INC. - 6

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6937343.1

All individuals who (1) resided in Washington State, (2) held Washington Commercial Driver's Licenses, (3) were employed by URS Midwest, Inc., (4) in the position of truck driver or any other similar position; (5) and who drove at least 1 route of at least 4 hours that was (6) paid, in whole or in part, on a per-load piece-rate basis (or any other piece-rate basis), (7) at any time from three years prior to the filing of this Complaint through the date of certification of the Class by the Court (the "Class Period").

**Ex. A**.

7. CAFA authorizes the removal of class actions in which, among the other factors mentioned above, *the aggregate* amount in controversy for all class members exceeds five million dollars ($5,000,000.00). *See* 28 U.S.C. §1332(d). The allegations in Plaintiff's Complaint and the claimed penalties exceed the jurisdictional minimum.

8. The statutes of limitation on the various claims asserted in the Complaint are three years for failure to provide rest periods and unpaid wages on termination claims. *Prof'l Eng'g Ass'n v. Boeing Co.,* 139 Wash. 2d 824, 837-838, 991 P.2d 1126, 1133 (2000) (three-year statute of limitations applies to wage claims).

9. Based on Plaintiff's estimation, there are at least 150 members in the proposed class. **Ex. A**.

10. Plaintiff's First Cause of Action: Implied Cause of Action Pursuant to 49.12: Failure to Pay Hourly and Separate Wages for Time Spent on Statutory Rest Periods and Apart from and in addition to the Piece-Rate Pay in Violation of WAC 296-126-092(4) alleges that the class members were not paid for meal periods and that that they were not paid separate and apart for rest periods. WAC 296-126-092 provides that employees in Washington are entitled to a paid rest break of ten minutes every three hours. Plaintiff alleges that the class members were not compensated "separate and apart" for rest periods.

11. Plaintiff's Second Cause of Action: Violations of RCW 49.46.020, 090 Failure to Pay Minimum Wage for All Hours Worked and Third Cause of Action: Violations of RCW 49.52.050(2) Failure to Satisfy Wage Obligations Assumed Through Contract alleges that the

NOTICE OF REMOVAL BY DEFENDANT URS MIDWEST, INC. - 7

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6937343.1

1  class members were not paid "separate and apart" from the piece rate for non-driving tasks.
2  Plaintiff alleges that such payment is required under *Caranza v. Dovex Fruit Co.*, 190 Wn.2d
3  612, 626 (2018).

4      12.    Assuming the members of the proposed class worked five 11-hour shifts per week
5  as set forth in the complaint, each driver would be entitled to ten (10) rest periods each week
6  (*i.e.,* 2 per day).  And assuming that the drivers spent, on average, 8.75 hours per week on non-
7  driving tasks, the amount in controversy for the alleged uncompensated rest period claims is
8  calculated as follows:

    a)    the drivers drove an average of 35 hours per week.

    b)    the drivers spent an average of 8.75 hours on non-driving per week.

    c)    the drivers worked an average of 5 overtime hours per week.

    d)    the drivers' average effective hourly rate is $22.60 per hour (or $33.90 overtime).[1]

    e)    the drivers' weekly uncompensated straight time (rest periods and non-driving tasks) is $ 84.75.

    f)    the drivers' weekly uncompensated overtime is $169.50.

    g)    On average, total uncompensated time per week per driver is $ 254.25.

    h)    $254.25 x 150 class members x 52 weeks per year x 3 years = $ 3,966,300.

    13.    In addition to alleged unpaid rest breaks and meal period, Plaintiff seeks to recover liquidated damages for URS's alleged willful and intentional withholding of these wages.  RCW 49.52.050(2) provides that an employer who "willfully and with intent to deprive the employee of any part of wages" shall be liable for twice the amount of wages unlawfully withheld by way of exemplary damages.  Plaintiff alleges that the class members are entitled to

---

[1] Declaration of Colleen Ward, ¶6.

NOTICE OF REMOVAL BY DEFENDANT URS MIDWEST, INC. - 8

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6937343.1

1  double damages for URS's alleged violations of WAC 296-126-092, RCW 49.52, and RCW
2  49.46. Thus, Plaintiff seeks an additional $ 3,966,300.

3        14.    Finally, in addition to the foregoing, Plaintiff's Complaint further asserts that
4  Plaintiff seeks reasonable attorneys' fees and costs. It is well-settled that in determining whether
5  a complaint meets the amount in controversy requirement, the Court should consider attorney's
6  fees. *See, e.g., Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.,* 320 U.S. 238, 64 S.Ct. 5
7  (1943); *Goldberg v. CPC Int'l, Inc.,* 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be
8  taken into account to determine jurisdictional amounts); *see also Gibson v. Chrysler Corp.,* 261
9  F.3d 927 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998)
10 (attorneys' fees recoverable by statute or contract are properly included in the amount in
11 controversy). In wage and hour class actions, it is not uncommon for an attorney's fee award to
12 be twenty-five to forty percent of the settlement and, thus, in excess of $1,000,000. Indeed, if the
13 proposed class recovers the minimum amount-in-controversy of $5 million, the attorney's fees
14 alone would likely be between $1.25 million to $2 million.

15       15.    Thus, the amount put in controversy by this cause of action is at least **$ 9,932,600**.

16       16.    Although URS specifically denies Plaintiff's claims and denies Plaintiff will
17 recover any of the relief he seeks, it is clear that the amount sought in the Complaint, in addition
18 to potential attorneys' fees, is substantially greater than the jurisdictional amount of $5,000,000.
19 URS's conservative calculations, based on Plaintiff's allegations and the estimated size of the
20 proposed class demonstrates — "more likely than not"— that the amount Plaintiff has placed in
21 controversy is well in excess of $5,000,000. Therefore, the amount in controversy requirement
22 for CAFA is met based on the face of Plaintiff's Complaint.

### IV.  **NO CAFA EXCEPTIONS APPLY**

24       1.    CAFA contains a number of exceptions to its grant of original jurisdiction.
25 28 U.S.C. §§ 1332(d)(3)-(5). However, none of these exceptions are applicable here.

NOTICE OF REMOVAL BY DEFENDANT URS MIDWEST, INC. - 9

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6937343.1

2. The first is a discretionary exception based on the number of putative class members found in the state where the action was filed. *See* 28 U.S.C. § 1332(d)(3). However, the exception only applies where the "primary defendants are citizens of the State in which the action was originally filed." Here, the action was originally filed in the Superior Court for the State of Washington and, as noted above, URS is not a Washington citizen — it is a citizen of Delaware and Michigan. Thus, this exception does not apply.

3. Similarly, 28 U.S.C. § 1332(d)(4) contains two further exceptions to CAFA's grant of jurisdiction, based on the number of putative class members in the state in which the action was filed. However, this exception, too, only applies where all primary defendants, or at least one defendant, is a "citizen of the State in which the action was originally filed." *See* 28 U.S.C. §§ 1332(d)(4)(A)(i)(II) and 1332(d)(4)(B). Given that this action was originally filed in Washington, and URS is a Michigan and Delaware citizen, these exceptions also do not apply.

4. Finally, 28 U.S.C. §1332(d)(5) presents two additional exceptions for defendants who are government entities, or putative classes which number less than 100 in the aggregate. *See* 28 U.S.C. §§ 1332(d)(5)(A)-(B). Given that URS is not a governmental entity and the proposed class number exceeds 100 putative members, these exceptions also do not apply.

## V. **TIMELINESS OF REMOVAL**

This Notice of Removal is timely in that it has been filed consistent with 28 U.S.C. §§ 1332(d), 1441(b), and 1446, and within thirty days of the date of service of the Complaint.

## VI. **NOTICE TO PLAINTIFF**

Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Western District of Washington, written notice of such filing will be served on Plaintiff's counsel of record: India Lin Bodien, Law Offices of India Lin Bodien, 2522 North Proctor Street, #387, Tacoma, Washington 98406 and Craig J. Ackermann, Ackermann & Tilajef, P.C, 2522 North Proctor Street, #205, Tacoma, Washington 98406. In addition, a copy

NOTICE OF REMOVAL BY DEFENDANT URS MIDWEST, INC. - 10

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6937343.1

of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court of Washington for King County. Wherefore, having provided notice as is required by law, the above-entitled action should be removed from the Superior Court for the State of Washington, King County, to this Court.

## VII. INTRADISTRICT ASSIGNMENT

Plaintiff filed this matter in King County, Washington. Pursuant to Local Rules 3(d)(1), URS removes the instant matter to the Seattle division of the Western District of Washington.

DATED this 3rd day of September, 2019.

s/ Sheryl J. Willert
s/ Jeffery M. Wells
s/ David W. Wiley
Sheryl J. Willert, WSBA #08617
Jeffery M. Wells, WSBA #45840
David W. Wiley, WSBA #8614
Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA  98101
Phone:   (206) 628-6600
Email:    swillert@williamskastner.com
              jwells@williamskastner.com
              dwiley@williamskastner.com

Attorneys for Defendant
URS Midwest, Inc.

NOTICE OF REMOVAL BY DEFENDANT URS MIDWEST, INC. - 11

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6937343.1

# **CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I caused a true and correct copy of the foregoing document to be delivered to the following counsel of record in the manner indicated:

| | |
|---|---|
| India Lin Bodien, WSBA #44898<br>2522 North Proctor Street, #387<br>Tacoma, WA 98406<br>Phone: (253) 212-7913<br>Email: india@indialinbodienlaw.com | ☑ Via electronic mail<br>☐ Via Legal Messenger<br>☐ Via U.S. Mail<br>☐ Via Overnight Courier |
| Craig J. Ackermann, WSBA #53330<br>Brian Denlinger, WSBA #53177<br>ACKERMANN & TILAJEF, P.C.<br>2602 North Proctor Street, Suite 205<br>Tacoma, WA 98406<br>Phone: (310) 277-0614<br>Email: cja@ackermanntilajef.com | ☑ Via electronic mail<br>☐ Via Legal Messenger<br>☐ Via U.S. Mail<br>☐ Via Overnight Courier |

s/ Jeffery M. Wells
Jeffery M. Wells, WSBA #45840
Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Phone: (206) 628-6600
Email: jwells@williamskastner.com

Attorney for Defendant URS Midwest, Inc.

NOTICE OF REMOVAL BY DEFENDANT URS MIDWEST, INC. - 12

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6937343.1