James L. Robert JLR
HONORABLE ~~ROBERT J. BRYAN~~

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN J. CRANE,<br><br>Plaintiff,<br><br>v.<br><br>URS MIDWEST, INC.,<br><br>Defendants. | Case No. 2:19-cv-1407JLR-BAT<br><br>**STIPULATED MOTION AND [~~PROPOSED~~] ORDER STAYING CASE PENDING NINTH CIRCUIT'S DECISION IN *INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 2785 v. FMCSA*** |

JLR

STIPULATED MOTION AND [PROPOSED] ORDER
STAYING CASE
CASE NO. 2:19-cv-1407JLR-BAT

ACKERMANN & TILAJEF, P.C.
2602 North Proctor St., #205
Tacoma, Washington 98406
T. (253) 625-7720 | F. (253) 276-0081

## RECITALS

**WHEREAS**, on or about August 2, 2019, Plaintiff KEVIN J. CRANE ("Plaintiff") filed his Class Action Complaint and the operative First Amended Complaint for Unpaid and Wrongfully Withheld Wages (the "Complaint") in this action in the Superior Court of the State of Washington in and for the County of King at Seattle [Dkt. #1-1];

**WHEREAS**, on September 3, 2019, Defendant URS MIDWEST, INC. ("Defendant") removed Plaintiff's above-described state court action to this Court [Dkt. #1] invoking the subject matter jurisdiction of this Court under the Class Action Fairness Act ("CAFA"), which the parties agree is properly invoked in this action;

### PLAINTIFF'S UNPAID NON-PRODUCTIVE TIME CLAIMS

**WHEREAS**, in his Complaint, Plaintiff alleged a cause of action for, *inter alia*, Defendant's failure to pay minimum wage for all non-productive time activities (i.e., detention time, loading and unloading, pre and post-trip inspections) in violation of RCW 49.46.020, 090;

**WHEREAS**, in his Complaint, Plaintiff alleges that, in *Sampson v. Knight Transportation, Inc.*, No. 2:17-cv-00028-JCC, 2018 WL 2984825, at *8-9 (W.D. Wash. June 14, 2018) (Coughenour, J.), the court "recogniz[ed] that while ... non-productive time claims were previously denied [class] certification" on the grounds that such claims were not cognizable under Washington law, the court's prior holdings were "called into question by the Washington Supreme Court's recent ruling in *Caranza* [*sic*]" [Dkt. #1-2, ¶ 16];

**WHEREAS**, in *Sampson*, the district court "conclude[d] that the law underlying Plaintiffs' on duty, not driving claim is not clearly determined, and that the Washington Supreme Court is in a better position than this Court to answer this question," *see id.*, and therefore certified the following question to the Washington Supreme Court: "Does the Washington Minimum Wage Act require non-agricultural employers to pay their piece-rate employees per hour for time spent performing activities outside of piece-rate work?" *Id.* at *8-9;

**WHEREAS**, subsequent to Plaintiff filing his Complaint, on September 5, 2019, the Washington Supreme Court issued a decision in *Sampson, et al v. Knight Transportation, Inc.*, Case

STIPULATED MOTION AND [PROPOSED]　　　　　　　　　　　　ACKERMANN & TILAJEF, P.C.
ORDER STAYING CASE　　　　　　　　　　　　　　　　　　　　　　2602 North Proctor St., #205
CASE NO. 2:19-cv-1407JLR-BAT　　　　　　　　　　　　　　　　　Tacoma, Washington 98406
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　T. (253) 625-7720 | F. (253) 276-0081

No. 96264-2 (Wash. Sept. 5, 2019), *available at* http://www.courts.wa.gov/opinions/pdf/962642.pdf. The Washington Supreme Court in *Sampson* held that the Washington Minimum Wage Act (WMWA) does not require non-agricultural employers to pay their piece-rate employees per hour for time spent performing activities outside of piece-rate work. As such, the Parties agree Plaintiff's non-productive time claim under the WMWA are no longer actionable;

### PLAINTIFF'S PUTATIVE UNPAID NON-PRODUCTIVE TIME CLAIMS

**WHEREAS**, in his Complaint, Plaintiff alleged a cause of action for, *inter alia*, Defendant's failure to pay hourly and separate wages for time spent on statutory rest breaks apart from and in addition to piece-rate pay in violation of WAC 296-126-092(4);

**WHEREAS**, on or about December 21, 2018, the Federal Motor Carrier Safety Administration ("FMCSA") issued an Order[1] granting the American Trucking Associations' and the Specialized Carriers and Rigging Association's petition requesting a determination that California's meal and rest break rules are preempted under 39 U.S.C. § 31141 as applied to property-carrying commercial motor vehicle drivers, which differed from an earlier decision it had made in 2008 that: "FMCSA cannot entertain this petition. Because the California meal and rest break rules are not "regulations on commercial vehicle safety," the Agency has no authority to preempt them under 49 U.S.C. 31141."[2];

**WHEREAS**, on or about December 27, 2018, the International Brotherhood of Teamster, Local 2785 ("IBT") filed a Petition for Review of the FMCSA's December 21, 2018 Order in the U.S. Court of Appeals for the Ninth Circuit, requesting the court review and reverse the FMCSA's preemption decision, and the Ninth Circuit entered a Time Schedule Order ordering the IBT to file their opening brief on March 18, 2019, and ordering the FMCSA to file its answering brief on April

---

[1] *See* Order (Granting Petition for Determination of Preemption), available at URL https://www.fmcsa.dot.gov/sites/fmcsa.dot.gov/files/docs/regulations/440601/california-meal-and-rest-break-rules-preemption-determination.pdf (pp. 10-11).
[2] *See Notice of Rejection of Petition for Preemption*: "Meal and Rest Breaks for Commercial Motor Vehicle Drivers," 73 Federal Register 79204-01 (FMCSA, Dec. 24, 2008), *available at* https://www.govinfo.gov/content/pkg/FR-2008-12-24/pdf/E8-30646.pdf.

| STIPULATED MOTION AND [PROPOSED] | ACKERMANN & TILAJEF, P.C. |
|---|---|
| ORDER STAYING CASE | 2602 North Proctor St., #205 |
| CASE NO. 2:19-cv-1407JLR-BAT | Tacoma, Washington 98406 |
| | T. (253) 625-7720 \| F. (253) 276-0081 |

17, 2019 (the "Petition"). The Petition in *International Brotherhood of Teamsters, Local 2785, Evarado Luna v. FMCSA* ("*IBT v. FMCSA*") was assigned Case No. 18-73488[3];

**WHEREAS**, in February of 2019, three additional petitions were filed in the U.S. Court of Appeals for the Ninth Circuit seeking review of the FMCSA's December 21, 2018 Order: (1) *Labor Commissioner for the State of California v. FMCSA* (9th Cir. Case No. 19-70329); (2) *International Brotherhood of Teamsters, International Brotherhood of Teamsters, Local 848, Charles "Lucky" Lepins, Julio Garcia, Jesus Maldonado, Jose Paz v. FMCSA, U.S. Department of Transportation* (9th Cir. Case No. 19-70323); (3) *Duy Nam Ly, Phillip Morgan v. FMCSA, U.S. Department of Transportation* (9th Cir. Case No. 19-70413);

**WHEREAS**, on or about March 6, 2019, the parties to the four pending petitions filed a Joint Motion to Consolidate Cases and Set Briefing Schedule. 9th Cir. Case No. 18-73488, Dkt. #19. On May 8, 2019, the parties' joint motion was granted, and the four pending actions were consolidated and *IBT v. FMCSA* was designated as the Lead Case. *Id.* Dkt. #24. On that same day (May 8, 2019), the Ninth Circuit suspended briefing in the consolidated cases pending further order of the court. *Id.* Thereafter, on May 30, 2019, the Ninth Circuit issued an Order that set the following briefing schedule for the consolidated petitions:

> The consolidated opening brief is due August 19, 2019; the intervenor's [*i.e.*, William B. Trescott] brief is due September 9, 2019; respondents' consolidated answering brief is due October 9, 2019; petitioners' optional consolidated reply brief is due within 21 days after service of the answering brief; and intervenor's optional reply brief is due within 35 days after service of respondents' brief.

*Id.* Dkt. #25. Accordingly, briefing in the now-consolidated *IBT v. FMCSA* matter us underway, and the Ninth Circuit has not yet scheduled oral argument thereon;

**WHEREAS**, the parties agree that the FMCSA's December 21, 2018 Order's validity, significance, potential application to other states, and prospective versus retroactive applicability are disputed legal issues, some of which will likely be resolved through the Ninth Circuit's resolution of

---

[3] On January 17, 2019, William B. Trescott filed a Motion to Intervene in *IBT v. FMCSA*, 9th Cir. Case No. 18-73488, Dkt. #6. That motion was *granted* on May 30, 2019. *See id.*, Dkt. #25.

STIPULATED MOTION AND [PROPOSED]
ORDER STAYING CASE
CASE NO. 2:19-cv-1407JLR-BAT

ACKERMANN & TILAJEF, P.C.
2602 North Proctor St., #205
Tacoma, Washington 98406
T. (253) 625-7720 | F. (253) 276-0081


the *IBT v. FMCSA* consolidated action, including without limitation the parties' disputed issues of whether and to what extent the FMCSA's December 21, 2018 Order is applicable and/or its temporal effectiveness in relation to Washington's rest break laws, and whether and to what extent Washington's rest break laws are preempted by the FMCSA's hours of service regulations;

**WHEREAS**, the parties agree that a stay of this case pending the Ninth Circuit's resolution of the *IBT v. FMCSA* consolidated action regarding the FMCSA's December 21, 2018 Order, which will likely bear directly upon Plaintiff's putative unpaid rest break wage claim in this action, would be prudent and efficient for both the Court and the parties. The parties further agree that good cause exists to stay this case pending resolution of the *IBT v. FMCSA* case, but with a full reservation, and without waiver or limitation, of the parties' respective rights, claims, remedies, defenses, and positions in this action including as to the issues recited above. A stay will also permit the parties to engage in early mediation for this matter following the exchange of informal discovery, and the parties currently aim to attend private mediation in February of 2020 or as soon as practical after the Ninth Circuit renders its decision in *IBT v. FMCSA*.

## STIPULATION

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiff, on the one hand, and Defendant, on the other hand, by and through their respective undersigned counsel, and subject to the Court's approval, that:

1. The dates set forth in the Court's Rule 16(B) and Rule 23(D)(2) Scheduling Order Regarding Class Certification Motion [Dkt. #10], and all other deadlines currently set in this action be vacated, including without limitation Plaintiff's deadline to complete discovery on class certification and to move for class certification;

2. This action be stayed, in its entirety and for all purposes, pending the Ninth Circuit's decision on the *IBT v. FMCSA* consolidated action;

3. Within 30 business days of the Ninth Circuit's decision in *IBT v. FMCSA*, the parties shall file a joint status report with the Court that (1) informs the Court regarding the Ninth Circuit's decision, (2) sets forth the parties' respective and/or collective positions as to whether the stay should

1 remain in effect, and (3) provides the Court with agreed-upon and/or proposed deadlines for [i]
2 completion of discovery on class certification and for Plaintiff to move for class certification under
3 Fed. R. Civ. P. 23; and [ii] submission of an updated Joint Status Report and Discovery Plan.

4     4. By entering into and submitting this Stipulated Motion, the parties fully reserve, and
5 do not waive or limit, their respective rights, claims, remedies, defenses, and positions in this action,
6 including as to the issues recited above.

DATED: October 31, 2019                      Respectfully submitted,

/s/Brian Denlinger                             /s/Jeffrey Wells

India Lin Bodien, WSBA #44898             Sheryl Willert, WSBA #08617
Law Offices of India Bodien, Esq.            Jeffery M. Wells, WSBA #45840
2522 North Proctor Street, #387              David W. Wiley, WSBA #8614
Tacoma, WA 98406-5338                     WILLIAMS, KASTNER & GIBBS PLLC
Tel: (253) 212-7913                           601 Union Street, Suite 4100
Email: india@indialinbodienlaw.com        Seattle, WA 98101
                                                              Phone: (206) 628-6600
Craig J. Ackermann, WSBA #53330        Email: swillert@williamskastner.com
Brian Denlinger, WSBA #53177                        jwells@williamskastner.com
ACKERMANN & TILAJEF, P.C.                    dwiley@williamskastner.com
2602 North Proctor Street, #205
Tacoma, WA 98406                                Attorneys for Defendant
Phone: (310) 277-0614
Fax: (310) 277-0635
Email: cja@ackermanntilajef.com
        bd@ackermanntilajef.com

Attorneys for Plaintiff

STIPULATED MOTION AND [PROPOSED]                         ACKERMANN & TILAJEF, P.C.
ORDER STAYING CASE                                                2602 North Proctor St., #205
CASE NO. 2:19-cv-1407JLR-BAT                                Tacoma, Washington 98406
                                                                 T. (253) 625-7720 | F. (253) 276-0081

# [PROPOSED] ORDER ~~JLR~~

This matter came before the Court on the parties' Stipulated Motion Staying Case Pending Ninth Circuit's Decision in *International Brotherhood of Teamsters, Local 2785 v. FMCSA* (the "Stipulated Motion"). The Court, having reviewed the Stipulated Motion, and good cause appearing for the relief sought therein, hereby orders as follows:

1. The dates set forth in the Court's Rule 16(B) and Rule 23(D)(2) Scheduling Order Regarding Class Certification Motion [Dkt. #10], and all other deadlines currently set in this action shall be and hereby are vacated, including without limitation Plaintiff's deadline to complete discovery on class certification and to move for class certification;

2. This action shall be and hereby is stayed, in its entirety and for all purposes, pending the Ninth Circuit's decision in *International Brotherhood of Teamsters, Local 2785 v. FMCSA* ("*IBT v. FMCSA*") Case No. 18-73488;

3. Within 30 ~~business~~ days of the Ninth Circuit's decision in *IBT v. FMCSA*, the parties shall file a joint status report with the Court that (1) informs the Court regarding the Ninth Circuit's decision, (2) sets forth the parties' respective and/or collective positions as to whether the stay should remain in effect, and (3) provides the Court with agreed-upon and/or proposed deadlines for [i] completion of discovery on class certification and for Plaintiff to move for class certification under Fed. R. Civ. P. 23; and [ii] submission of an updated Joint Status Report and Discovery Plan.

4. The parties' entering into and submission of this Stipulated Motion is without waiver or limitation of their respective rights, claims, remedies, defenses, and positions in this action, including as to the issues recited therein.

**IT IS SO ORDERED.**

DATED this 4th day of Nov., 2019.

THE HONORABLE ~~ROBERT L. BRYAN~~ JAMES
UNITED STATES DISTRICT JUDGE L. ROBART

STIPULATED MOTION AND [PROPOSED] ORDER STAYING CASE
CASE NO. 2:19-cv-1407JLR-BAT

ACKERMANN & TILAJEF, P.C.
2602 North Proctor St., #205
Tacoma, Washington 98406
T. (253) 625-7720 | F. (253) 276-0081