HONORABLE JAMES L. ROBART
HEARING DATE: NOVEMBER 2, 2021
MOVING PARTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KEVIN J. CRANE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>URS MIDWEST, INC., a Delaware Corporation,<br><br>Defendant. | Case No.: **2:19-CV-01407-JLR-BAT**<br><br>**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: November 2, 2021<br>Time: 9:00 a.m. |

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case no. 2:19-CV-01407-JLR-
BAT

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

## TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1

II. THE NOTICE PROCESS HAS BEEN SUCCESSFULLY COMPLETED .............1

III. TERMS OF THE SETTLEMENT ..........................................................................3

IV. THE SETTLEMENT SHOULD BE FINALLY APPROVED ..................................4

A. The Settlement Satisfied the Requirements of Fed. R. Civ. P. 23 ...................4

B. The Settlement is Fair, Reasonable and Adequate ............................................4
    1. The Parties Engaged in Arm's Length Negotiations .....................................5
    2. Significant Discovery and Investigation ................................................. 5-6
    3. Class Counsel's Opinion ......................................................................... 6-8

V. CONCLUSION ......................................................................................................8

i

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case no. 2:19-CV-01027-JLR

ACKERMANN & TILAJEF, P.C.
2602 North Proctor Street, Ste. 205
Tacoma, WA 98406
P: (253) 625-7720   F: (253) 276-0081

# TABLE OF AUTHORITIES

**CASES**

*Barani v. Wells Fargo,*
   No. 12CV2999-GPC (KSC), 2014 U.S. Dist. LEXIS 49838 (S.D. Cal. Apr. 9, 2014) ........... 6

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ................................................................................ 4, 6, 8

*Hughes v. Microsoft Corp.*,
   No. C98-1646C, C93-0178C, 2001 U.S. Dist. LEXIS 5976 (W.D. Wash. Mar. 26, 2001) .... 5

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) ................................................................................. 8

*In re Mercury Interactive Corp. Sec. Litig.*,
   618 F.3d 988 (9th Cir. 2010). ................................................................................. 2

*International Brotherhood of Teamsters, Local 2785 v. FMCSA,* 9th Cir. Case No. 18-73488
   (Jan. 15 2021)*,* .............................................................................................. 7

*Lewis v. Starbucks Corp.,*
   No. 2:07-cv- 00490-MCE, 2008 U.S. Dist. LEXIS 83192 (E.D. Cal. Sept. 11, 2008) ........... 6

*Rodriguez v. West Publishing Corp.*,
   Case No. CV-05-3222 R (MCx), 2007 U.S. Dist. LEXIS 74849 (C.D. Cal. Sept. 10, 2007) . 5

*Sampson  v. Knight Transp., Inc.*,
   193 Wn..2d 878 (Wash. Sept. 5, 2019) ........................................................................... 7-8

*Staton v. Boeing Co.*,
   327 F. 938 (9th Cir. 2003) .................................................................................... 4-5

*Trescott  v. FMCSA*,
   U.S. Sup. Crt. Case No. 20-1662 (Oct. 4. 2021) ................................................................. 7

*Williams v. Costco Wholesale Corp.*,
   No. 02cv2003 IEG (AJB), 2010 U.S. Dist. LEXIS 67731 (S.D. Cal. Jul. 7, 2010) ................ 2

**DOCKETED CASES**

ii

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case no. 2:19-CV-01027-JLR

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

*Henderson v. J.B.Hunt Transportation, Inc.*,
   Case No. 17-2-14673-1 KNT (Wash. Sup. Ct. King Cty. May 13, 2019) ............................ 6-7

*Lindholm v. Tate Transp., Inc.*,
   Case No. 17-2-00013-3 (Wash. Sup. Ct. Walla Walla Cty. June 29, 2017) ............................ 7

*Kidwell v. Haney Truck Line, LLC*,
   Case No. 16-2-04888-34 (Wash. Sup. Ct. Thurston Cty. May 4, 2018) ................................ 7

**RULES**

Fed. R. Civ. P. 23 ........................................................................................................................ 4, 5

**TREATISES**

*Newberg on Class Actions* § 13.50 (5th ed.) .................................................................................. 6

iii

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case no. 2:19-CV-01027-JLR

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

I. **INTRODUCTION**

Plaintiff Kevin J. Crane ("Plaintiff") respectfully moves the Court for a final order approving the Settlement Agreement ("SA") reached with Defendant URS Midwest, Inc. ("Defendant" or "URS"). The Settlement created a $100,000.00 gross fund, from which Class Counsel's attorneys' fees and costs and the Class Representative Service Award are deducted, to create a Net Settlement Amount of $51,858.86. Because no Class Members opted out of the Settlement, all 97[1] Class Members will be paid out of the Net Settlement Amount based on their piece-rate earnings earned during the class period. SA ¶ 7(b).

Following a comprehensive notice program, including mailing of the Court-approved Notice by the court-appointed settlement administrator to 97 Class Members, ***not a single Class Member has objected to the Settlement, and no Class Members opted out***. Declaration of Laura Singh (on behalf of CPT Group, Inc.) with Respect to Notification and Administration ("Singh Decl.") ¶ 4 filed herewith. Because no Class Members requested exclusion from the Settlement, all 97 Class Members will receive their pro-rated share of the Net Settlement Amount of $51,858.86. The average estimated settlement payment to the Class Members is $534.63, and the highest individual settlement payment is estimated to be $2,224.21. *Id.*

The positive reaction of the Class and complete lack of any objectors clearly supports the Court's finding at Preliminary Approval that the Settlement is fair, adequate, and reasonable. Accordingly, Plaintiff respectfully requests the Court to grant final approval of the Settlement.

II. **THE NOTICE PROCESS HAS BEEN SUCCESSFULLY COMPLETED**

  A. **Dissemination of Notice Packets**

In compliance with the Court's Order Granting Preliminary Approval, on July 27, 2021, Defendant provided the Settlement Administrator with a list containing names, last known address, and applicable employment information for each Class Member. Singh Decl. ¶ 2. The Settlement

---

[1] At the time that the parties entered into the SA, Defendant estimated that there were 87 class members. Subsequently, Defendant confirmed that there are 97 class members.

- 1 -

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case no. 2:19-CV-01027-JLR-BAT

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

Administrator performed a search for updated addresses; and subsequently, on August 13, 2021, the Settlement Administrator mailed the court-approved Notice to the 97 Class Members. *Id.* ¶ 3.

Of the 97 Notice packets mailed to Class Members, 7 were returned without a forwarding address. *Id.* ¶ 10. The Settlement Administrator promptly performed an address trace and re-mailed all returned Notices to updated addresses. *Id.* In the end, zero notice packets were deemed undeliverable. *Id.* As a result, 100% of Class Members have received Notice of the Settlement.[2]

### B. Motion for Attorneys' Fees, Costs, Expenses and Service Award

Following mailing of the Notice Packets, Class Members had forty-five (45) days to opt-out or object to the Settlement. SA ¶ 46. This gave the class ample opportunity to review and prepare objections to the requested fees. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993 (9th Cir. 2010). ***No Class Member objected to the requested attorneys' fees, costs, or service awards***. Mills Decl. ¶ 3.

### C. No Objections and No Opt-outs

The Notice provided detailed instructions on how to opt out or object and provided a September 27, 2021 deadline to do so. ***Not a single Class Member submitted an objection***. *Id*. In addition, no Class Members opted out by the exclusion deadline. *Id.* Such unanimity of approval is a strong sign that the settlement terms are fair, reasonable and adequate. *See Williams v. Costco Wholesale Corp.*, No. 02cv2003 IEG (AJB), 2010 U.S. Dist. LEXIS 67731, at *13 (S.D. Cal. Jul. 7, 2010) ("The absence of any objector strongly supports the fairness, reasonableness, and adequacy of the settlement.").

### D. Piece Rate Earnings Challenges

The Notice also provided detailed instructions on how Class Members could challenge the employment data included in their Claim Forms. No Class Members submitted valid disputes. Singh Decl. ¶ 3.

---

[2] Under the rules and law governing class actions, reasonable efforts must be made to reach all class members through the notice plan for distribution of the Class Notice, but each individual in the Class need not actually receive the Class Notice (which is often impossible and/or impracticable). *See Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994); *Rannis v. Recchia*, 380 Fed.Appx. 646, 650 (9th Cir. 2010).

### III. TERMS OF THE SETTLEMENT

A summary of the Settlement terms are as follows:

1.  **Settlement Fund** – URS will pay $100,000.00 ("Gross Settlement Amount"). After the Court-approved deductions from the Gross Settlement Amount including attorneys' fees (up to $30,000.00), costs ($4,080.14), the service award for the Class Representative ($5,000.00), settlement administration costs ($7,500.00) and the employer-side payroll taxes (estimated to be $1,561.00) approximately $51,858.86 (the "Payout Fund") will be available to pay the Class Members ("Settlement Shares"). Dkt. 24 at 2. *See also* SA ¶ 13; Singh Decl. ¶ 3.

2.  **Class Definition and Class Period** – The Court's Order Granting Preliminary Approval ("PAO") defines the Class as "all individuals who (1) resided in Washington State, (2) held Washington State Commercial Driver's Licenses, (3) were employed by Defendant (4) in the position of truck driver or any similar position, (5) and who drove at least 1 route of at least 4 hours that was (6) paid, in whole or in part, on a per-load piece-rate basis (or any other piece-rate basis), at any time from August 2, 2016 through April 22, 2021 (collectively, 'Class Members' or 'Class'). Dkt. 24 at 3.

3.  **Class Member Response Deadlines**: Class Members had 45 days following the mailing of the Notice packets to opt-out of the settlement; object to the settlement; or challenge the individualized computation of the share each Class Member can claim from the Payout Fund that was included in each Notice packet. Dkt. 24 at 4. All Class Members, except those who opted out, are part of the Class and will be bound by any final rulings of the Court. As stated above, as of the date of this motion, no Class Members objected, and no Class Members opted out.

4.  **Class Counsel's Attorneys' Fees and Costs**: Class Members were notified on Class Counsel's Attorneys' Fees and Costs in the Notice Packet. No Class Members objected to the requested fees and costs.

5.  **Class Representative Service Award** – Plaintiff's Counsel requested an award of $5,000.00 for the Class Representative for his role in initiating this Action and acting as the Class

Representative, for services provided in furtherance of this Action, for the risks undertaken for payment of costs in the event this Action was unsuccessful, and for any stigma he may suffer going forward due to having filed a class action complaint against an employer. No Class Members objected to the requested Service Award.

**6.** **Settlement Administration Costs**: The settlement administrator, CPT Group, Inc. will charge up to $7,500.00 for administration of the settlement, which will be paid out of the Gross Settlement Amount. Dkt. 24 at 2.

## IV. THE SETTLEMENT SHOULD BE FINALLY APPROVED

### A. The Settlement Satisfied the Requirements of Fed. R. Civ. P. 23

The requirements of Fed. R. Civ. P. 23 certification, and the reasons for which Plaintiff satisfies those requirements, were set forth in detail in Plaintiff's Motion for Preliminary Approval. Dkt. 21 at 7-9. In its Order Granting Preliminary Approval, the Court conditionally granted Fed. R. Civ. P. 23 certification of the class, subject to final approval. Dkt. 24 at p. 2.

### B. The Settlement is Fair, Reasonable and Adequate

Fed. R. Civ. P. 23 (e) provides that "[a] class action shall not be dismissed, settled, or compromised without the approval of the Court, and notice of the proposed dismissal, settlement or compromise shall be given as the Court directs." "The court may approve a settlement . . . that would bind class members only after a hearing and on finding that the settlement . . . is fair, reasonable, and adequate." Fed. R. Civ. P. 23 (e)(1)(C). Thus, in order to approve a final settlement in a class action, the district court must find that the proposed settlement is fundamentally fair, adequate, and reasonable. *Id.* at 23(e)(1)(C); *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). The court has broad discretion to grant final approval and should do so where the proposed settlement is "fair, adequate, reasonable, and not a product of collusion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

"To determine whether a settlement agreement meets these standards, a district court must consider a number of factors, including: 'the strength of plaintiffs' case; the risk, expense,

complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.'" *Staton*, 327 F.3d at 959 (citations omitted).

Importantly, there is a presumption of fairness if "(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected.'" *Rodriguez v. West Publishing Corp.,* Case No. CV-05-3222 R (MCx), 2007 U.S. Dist. LEXIS 74849 at *32-33 (C.D. Cal. Sept. 10, 2007) (citations omitted). See also *Hughes v. Microsoft Corp.,* No. C98-1646C, C93-0178C, 2001 U.S. Dist. LEXIS 5976, at *20 (W.D. Wash. Mar. 26, 2001), quoting Manual for Complex Litigation (Third) 30.42 (1995) ("'A presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between experienced capable counsel after meaningful discovery.'").

### 1. The Parties Engaged in Arm's Length Negotiations

The Settlement was a product of intensive, adversarial litigation between the Parties. On April 22, 2021, the Parties attended a full-day mediation session before an experienced and well-respected mediator, Cliff Freed. Dkt. 22 at 15. Prior to attending mediation, the Parties drafted detailed mediation briefs, supported by the evidence. *Id*. After intensive arm's-length negotiations, the Parties reached a settlement in general terms and reduced the terms to writing in a Memorandum of Understanding ("MOU") that was fully executed. The terms of the MOU are fully specified in the Settlement Agreement before this Court. *Id*.

### 2. Significant Discovery and Investigation

The Parties exchanged informal discovery to reasonably assess the merits of their respective positions. In April, 2021, after Plaintiff's counsel sent a request for informal discovery to Defense counsel, Defendant's counsel provided Plaintiff's counsel with a set of responsive

documents including *inter alia*, Plaintiff's personnel file and wage statements, and a class list spreadsheet showing the Class Members' hire dates, termination dates, and their piece-rate compensation earned during the Class Period. *Id*.

Plaintiff analyzed the documents and data exchanged during informal discovery and drafted a detailed mediation brief. As discussed above. the Parties attended a full-day mediation before an experienced and well-respected mediator. The Parties were able to settle the Action at mediation under the terms of the Settlement Agreement.

It was only after the Parties investigated and evaluated the strengths and weaknesses of the case, and attended a full-day mediation with skillful mediator Cliff Freed, that the settlement was reached. Thus, despite the early stage in the litigation, Plaintiff engaged in substantial discovery and obtained "sufficient information to make an informed decision about settlement." *Newberg on Class Actions* ("*Newberg*") § 13.50 (5th ed.) (quoting *Barani v. Wells Fargo,* Case No. 12CV2999-GPC (KSC), 2014 U.S. Dist. LEXIS 49838, at * 13 (S.D. Cal. Apr. 9, 2014). *See also Lewis v. Starbucks Corp.,* Case No. 2:07-cv- 00490-MCE, 2008 U.S. Dist. LEXIS 83192, at *17 (E.D. Cal. Sept. 11, 2008) ("[A]pproval of a class action settlement is proper as long as discovery allowed the parties to form a clear view of the strengths and weaknesses of their cases.")

### 3. Class Counsel's Opinion

When assessing the fairness of a proposed settlement, the court must consider the views and experience of counsel. *Hanlon*, 150 F.3d at 1026. It is the view of Class Counsel that the settlement is fair, reasonable, and adequate. The average net recovery under the Settlement is estimated to be $543.63[3] per Class Member, which is comparable to other rest break settlements for piece-rate truck drivers approved by Washington courts in which Plaintiff's Counsel was putative class counsel, including: *Henderson v. J.B. Hunt Transportation, Inc.*, Case No. 17-2-14673-1 KNT, King County Super. Ct. (May 13, 2019) (average individual settlement payment of $508.60 for a settlement encompassing the same unpaid rest break claims). *See* Order and Final

---

[3] *See* Singh Decl. ¶ 4.

Judgment Granting Final Approval of Class Action Settlement and Attorneys' Fees and Costs, Case No. 17-2-14673-1 KNT, Wash. Super. Ct. King County (Kent) (May 13, 2019) (Judge John McHale); *Lindholm v. Tate Transportation, Inc.*, Case No. 17-2-00013-3, Walla Walla County Super. Ct. (June 29, 2017) (average individual class member recovery of $547.95 for a settlement encompassing the same unpaid rest break claims). *See* Order and Judgment Granting Final Approval of Class Action Settlement and Attorney's Fees and Costs, Case No. 17-2-00013-3, Wash. Super. Ct. Walla Walla County (June 29, 2017) (Judge John W. Lohrmann); and *Kidwell v. Haney Truck Line LLC,* Case No. 16-2-04888-34, Thurston County Super. Ct. (May 4, 2018) (average class member recovery of $595.49 for a settlement encompassing the same unpaid rest break claims). *See* Order and Final Judgment Granting Final Approval of Class Action Settlement and Attorney's Fees and Costs, Case No. 16-2-04888-34, Wash. Super. Ct. Thurston County (May 4, 2018) (Judge Carol Murphy).

The result obtained here is particularly impressive when considering the possibility of unfavorable decisions on class certification (based on individualized issues predominating), summary judgment (based on non-actionability of claims—which occurred by way of the *Sampson vs. Knight Transp., Inc.*[4] decision and federal preemption under *IBT v. FMCSA*[5] and FMCSA determinations that Washington rest period laws are preempted by federal Hours of Service regulations), at trial (with Defendant arguing that its load-pay covered pay for rest breaks), and/or on the damages awarded (i.e., that no double damages would be awarded because Defendant did not willfully fail to pay), and/or on an appeal that would all take several more years to litigate. There is also the risk of Plaintiff recovering nothing on Plaintiff's Wage Rebate Act claims (based

---

[4] On September 5, 2019, the Washington Supreme Court issued a decision in *Sampson v. Knight Transp., Inc.,* 193 Wn.2d 878 (Wash. Sept. 5, 2019). The Washington Supreme Court in *Sampson* held that the Washington Minimum Wage Act (WMWA) does not require non-aicultural employers to pay their piece-rate employees per hour for time spent performing activities outside of piece-rate work. Therefore, Plaintiff's cause of action for non-productive time was extinguished before the Parties resolved this action.

[5] As discussed more thoroughly in Plaintiff's Motion for Attorney's Fees Attorneys' Fees and Costs and Class Representative Service Award, on October 4, 2021, the U.S. Supreme Court denied the Petition for Writ of Certiorari in *International Brotherhood of Teamsters, Local 2785 v. FMCSA*, 9th Cir. Case No. 18-734488 (Jan. 15, 2021) (*William B. Trescott v. FMCSA, et. al.* U.S. Sup. Crt. Case No. 20-1662 (Oct. 4, 2021)) which further underscores the good result reached in this case.

- 7 -

on the *Sampson* decision); and the transaction costs and time of litigation.

### 4. The Settlement is Unanimously Supported by the Class

No Class Member has filed an objection nor opted-out of the Class. Singh Decl. ¶ 3. This indicates that the overwhelming majority of Class Members favor the Settlement. *Hanlon*, 150 F.3d at 1027 ("[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness."); *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (presence of only one opt-out supports district court's approval of settlement).

## V. CONCLUSION

For the foregoing reasons, Plaintiff, on behalf of himself and the Class, respectfully requests the Court to enter the Proposed Order, filed herewith, finally approving the Settlement Agreement and to enter final judgment in this case.

Dated:  October 12, 2021                    Respectfully submitted,

*/s/Craig J. Ackermann*
ACKERMANN & TILAJEF, P.C.
Craig J. Ackermann, WSBA No. 53330
Brian Denlinger, WSBA No. 53177
2602 North Proctor Street, Suite 205
Tacoma, WA 98406
Telephone: (310) 277-0614
Facsimile: (310) 277-0635
Email: cja@ackermanntilajef.com
Email: bd@ackermanntilajef.com

INDIA LIN BODIEN, ATTORNEY AT LAW
India Lin Bodien, WSBA No. 44898
2522 North Proctor St., Suite 387
Tacoma, WA 98406
Telephone: (253) 212-7913
Facsimile: (253) 276-0081
Email: india@indialinbodienlaw.com

# CERTIFICATE OF SERVICE

I, Jaclyn Blackwell, hereby certify and declare under penalty of perjury under the laws of the States of Washington and California that, on the 12th day of October 2021, I caused to be electronically filed the foregoing Motion, along with Plaintiff's Memorandum of Points and Authorities in Support of Motion for Attorneys' Fees and Costs and Class Representative Service Award; the accompanying Declarations of Craig Ackermann, India Lin Bodien, Kevin J. Crane, and Laura Singh of CPT Group, Inc.; and the Proposed Order, with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

> Sheryl J. Willert, WSBA #08617
> Jeffrey M. Wells, WSBA #45840
> David W. Wiley, WSBA #8614
> WILLIAMS, KASTNER & GIBBS PLLC
> 601 Union Street, Suite 4100
> Seattle, WA 98101-2380
> Phone: (206) 628-6600
> Email: swillert@williamskastner.com
> jwells@williamskastner.com
> dwiley@williamskastner.com

I further certify that I mailed a true and correct copy of the foregoing to the following non-CM/ECF participant: N/A

                                                /s/Jaclyn Blackwell
                                                Jaclyn Blackwell
                                                Office Manager
                                                ACKERMANN & TILAJEF, P.C.