HONORABLE JAMES L. ROBART
HEARING DATE: NOVEMBER 2, 2021
MOVING PARTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| **KEVIN J. CRANE**, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>**URS MIDWEST, INC.**, a Delaware Corporation,<br><br>    Defendant. | Case No.: **2:19-CV-01407-JLR**<br><br>**[~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: November 2, 2021<br>Time: 9:00 a.m. |

ACKERMANN & TILAJEF, P.C.
2602 N. PROCTOR ST., STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

The Court, having read and considered all of the papers of the Parties and their counsel, including Plaintiff's Motion for Final Approval of Class Action Settlement (Dkt. # 25) and Plaintiff's Memorandum of Points and Authorities in Support of Motion for Attorneys' Fees and Costs and Class Representative Service Award (Dkt. # 27), filed on October 12, 2021; having granted preliminary approval on July 1, 2021 ("Preliminary Approval Order"); having considered the factors set forth in Rule 23(e)(2) of the Federal Rules of Civil Procedure ("FRCP"); and good cause appearing, pursuant to FRCP 23(e)(1)(A),  HEREBY ORDERS AS FOLLOWS:

1.     The Court grants final approval of the Settlement based upon the terms set forth in the Stipulation and Settlement Agreement of Class Action Claims ("Settlement Agreement") attached hereto as Exhibit 1.

2.     For settlement purposes only, the Court certifies the Class, as defined in the Court's July 1, 2021 Order Granting Conditional Certification of Settlement Class and Preliminary Approval of Settlement as follows:

> All individuals who (1) resided in Washington State, (2) held Washington State Commercial Driver's Licenses, (3) were employed by Defendant, (4) in the position of truck driver or any other similar position, (5) and who drove at least 1 route of at least 4 hours that was (6) paid, in whole or in part, on a per-load piece-rate basis (or any other piece-rate basis), (7) at any time from August 2, 2016 through April 22, 2021 (collectively, "Class Members").

3.     The Court hereby finds that the Notice of Proposed Class Action Settlement, as mailed to all Class Members, as previously ordered by the Court, fairly and adequately described the terms of the proposed Settlement Agreement, the manner in which Class Members could object to the settlement, and the manner in which Class Members could opt out of the Class; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Class Members; and complied fully with FRCP Rule 23(e)(1)(B), due process, and all other applicable laws. The Court further finds that a full and fair opportunity has been afforded to Class Members to participate in the proceedings convened to determine whether the proposed Settlement Agreement should be given final approval. Accordingly, the Court hereby determines that, since there were no requests for exclusion, all 97 Class Members are bound by this final Order and shall be deemed to have released any claims described in the Settlement Agreement

[PROPOSED] ORDER GRANTING
FINAL APPROVAL
Case No. 2:19-CV-01027-JLR
-2-

ACKERMANN & TILAJEF, P.C.
2602 N. PROCTOR ST., STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

(the "Released Claims").

4.    <u>Having considered the factors set forth in Federal Rule of Civil Procedure 23(e)(2), and having applied a high level of scrutiny as required when settlement precedes class certification</u>, the Court finds that the Settlement Agreement is fair, reasonable, and adequate as to the Class, Plaintiff, and Defendant, and is the product of good faith, arm's-length negotiations between the Parties, and further, that the Settlement Agreement is consistent with public policy, and fully complies with all applicable provisions of law. Accordingly, the Court hereby finally and unconditionally approves the Settlement Agreement pursuant to FRCP 23(e)(1), and specifically:

a.    Approves the $100,000.00 Gross Settlement Amount;

b.    Approves the distribution of the Net Settlement Amount to Participating Class Members in the manner specified in and subject to the terms of the Settlement Agreement;

c.    Approves the Class Representative Service Award of $5,000.00 to the Class Representative;

d.    Approves Class Counsel's requested fees award of $30,000.00, which is thirty percent (30%) of the Gross Settlement Amount, and is to be paid from the Gross Settlement Amount;

e.    Approves Class Counsel's request for reimbursement of litigation expenses of $4,080.14 to be paid from the Gross Settlement Amount; and

f.    Approves payment to CPT Group, Inc., the Settlement Administrator, of Administration Costs in the amount of $7,500.00 to be paid from the Gross Settlement Amount; and

g.    Approves and orders that in all other particulars the Settlement Agreement be carried out by the Parties and the Settlement Administrator subject to the terms thereof.

//

//

//

[~~PROPOSED~~] ORDER GRANTING
FINAL APPROVAL
Case No. 2:19-CV-01027-JLR
-3-

ACKERMANN & TILAJEF, P.C.
2602 N. PROCTOR ST., STE. 205
TACOMA, WA 98406
P: (253) 625-7720    F: (253) 276-0081

5.     The Court orders that, following the Effective Date as defined in the Settlement Agreement, the Parties and the Settlement Administrator shall carry out the following implementation schedule for further actions and proceedings:

| | |
|---|---|
| Within 30 calendar days of Effective Date | Deadline for Defendant to fund the settlement |
| Within 40 calendar days of the Effective Date | Deadline for Settlement Administrator to mail the Individual Settlement Payments to eligible Participating Class Members; pay the appropriate taxes to the appropriate taxing authorities; make payment of Court approved attorneys' fees and costs to appropriate counsel; and make payment of the Class Representative Payment |
| 90 days after issuance of Settlement checks | Uncashed checks shall be sent by the Settlement Administrator to the Washington State Department of Revenue Unclaimed Property Fund with the associated name of the Class Member |

6.     This action is hereby dismissed with prejudice; provided, however, that without affecting the finality of this Order, the Court retains exclusive and continuing jurisdiction over the case for purposes of supervising, implementing, interpreting and enforcing this Order and the Settlement Agreement, as may become necessary, until all of the terms of the Settlement Agreement have been fully carried out.

7.     Upon the Settlement Effective Date, Plaintiff and all Class Members who have not timely and properly excluded themselves from the Settlement Agreement shall be and hereby are enjoined from filing, initiating or continuing to prosecute any actions, claims, complaints, or proceedings with respect to the Released Claims.

**IT IS SO ORDERED.**

DATED this 2nd day of November, 2021

HON. JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

[~~PROPOSED~~] ORDER GRANTING
FINAL APPROVAL
Case No. 2:19-CV-01027-JLR
-4-

ACKERMANN & TILAJEF, P.C.
2602 N. PROCTOR ST., STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

EXHIBIT 1

# SETTLEMENT AGREEMENT

Subject to the approval of the United States District Court for the Western District of Washington at Seattle, Plaintiff Kevin J. Crane, individually and on behalf of all Class Members, as defined herein, and Defendant URS Midwest, Inc., a Delaware corporation, ("URS Midwest" or "Defendant"), agree to the terms of this joint settlement agreement and release (the "Settlement").

## I.   DEFINITIONS

For the purposes of the Settlement, any word or phrase that is presented in initial capital letters (e.g., Class Member), is a word or phrase defined herein.

1.   "Action" shall mean the civil action currently pending in United States District Court, Western District of Washington, entitled "*Kevin J. Crane, individually and behalf of all others similarly situated, Plaintiff, v. URS Midwest, Inc., a Delaware corporation, Defendant.*" Case No. 2:19-cv-01407-JLR-BAT; Complaint filed on August 2, 2019 in King County Superior Court.

2.   "Check Cashing Period" shall mean the 90-day period commencing the date on which the Settlement Proceeds are mailed to the Class Members.   After the 90-day Check Cashing Period, any uncashed proceeds shall be dispersed as set forth in Section III, paragraph 35, below.

3.   "Class Counsel" shall mean Craig Ackermann and Brian Denlinger of Ackermann & Tilajef, P.C. and India Lin Bodien, Attorney at Law;

4.   "Class Member" shall mean All individuals who (1) resided in Washington State, (2) held Washington State Commercial Driver's Licenses, (3) were employed by Defendant, (4) in the position of truck driver or any similar position, (5) and who drove at least 1 route of at least 4 hours that was (6) paid, in whole or in part, on a per-load piece-rate basis (or any other piece-rate basis), (7) at any time from August 2, 2016 through April 22, 2021 (collectively, "Class Members" or "Class"). As of April 22, 2021, Defendant represents there are

approximately 87 Class Members.

5.     "Response Deadline" shall mean the date by which Share Forms must be postmarked and/or received by the Settlement Administrator if any Class Member wishes to opt out of the Settlement, file an objection to the Settlement, or challenge their Settlement Share. The Response Deadline shall be forty-five (45) calendar days from the mailing of the Class Notice and Share Form.

6.     "Settlement Share", "Settlement Proceeds", or "Individual Settlement Payment" shall mean the amount of money allocated to each Class Member pursuant to paragraph 38 of this Settlement.

7.     "Class Period" shall mean the period from August 2, 2016 through April 22, 2021;

8.     "Class Representative," "Plaintiff" and "Named Plaintiff" shall mean Kevin J. Crane, the person identified as named Plaintiff in the Complaint;

9.     "Court" shall mean the United States District Court for the Western District of Washington at Seattle;

10.    "Defendant," "URS Midwest," or the "Company" shall mean URS Midwest, Inc., a Delaware corporation;

11.    "Final" shall mean the latest of the following dates, as applicable: the date the Court has rendered a Final Judgment of the Settlement and either (i) the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court has rendered a final judgment affirming the Court's approval without material modification and the applicable date for seeking further appellate review has passed, or (ii) the applicable date for seeking appellate review of the Court's Final Judgment of the Settlement has passed without a timely appeal or a request for review having been made.

12.    "Final Judgment" shall mean the order granting final approval of the class action settlement entered by the Court.

13.    "Gross Settlement Amount" shall mean the all-inclusive settlement amount of

$100,000 that Defendant will be obligated to pay in connection with the Settlement. From the Gross Settlement Amount will be deducted all costs incurred in connection with the Settlement, including: Plaintiff's Class Representative Payment ($5,000); Class Counsels' attorneys' fees (including all attorneys' fees and expenses incurred to date and to be incurred in documenting the Settlement, securing trial and appellate court approval of the Settlement, attending to the administration of the Settlement, and obtaining a dismissal of the Action) of 30% of the Gross Settlement Amount, i.e., $30,000 in fees, and up to $7,500 in costs and expenses; the Settlement Administrator's actual fees and expenses (estimated to be $7,500); and all taxes associated with the settlement. The amount remaining in the Gross Settlement Amount after all applicable deductions shall be referred to as the "Settlement Proceeds" or "Net Settlement Amount."  The Net Settlement Amount will be paid out to the Class Members without the need for Class Members to claim their pro rata share.

14.    "Net Settlement Amount" shall have the meaning described in "Gross Settlement Amount," above.

15.    "Notice" shall mean the Notice of Class Action Settlement, attached hereto as **Exhibit A**.  It is the Notice, approved by the Parties and subject to Court approval, which the Settlement Administrator will mail to each Class Member explaining the terms of the Settlement.

16.    "Participating Class Members" shall mean all Class Members other than those who timely and properly elect not to participate in the Settlement by submitting a written and valid Opt Out.

17.    "Parties" shall mean Class Members, Class Representative, and Defendant, and "Party" shall mean any one of the Parties.

18.    "Piece Rate Earnings" shall mean all compensation earned by Class Members from Defendant during the Class Period on a per-load piece-rate basis;

19.    "Opt Out" refers to the process by which a Class Member must timely and properly submit a written notice to the Settlement Administrator to exclude himself or herself

from the Settlement herein, as well as to prevent the release of his/her claims raised in this Action.

20.     "Settlement" shall mean this settlement agreement between the Parties, which, with Court approval, is intended to provide the terms relevant to the resolution of the Action with regard to all Participating Class Members.

21.     "Settlement Administrator" shall mean the Settlement Administrator that the Parties mutually select to perform the duties set forth in this Settlement, subject to the Court's approval.

22.     "Settlement Effective Date" shall mean the date by which all of the following have occurred: (i) the Parties, or any one of them, has not voided this Settlement pursuant to Section XXVII, paragraphs 86 or 87; (ii) the Court has granted Final Approval and entered Final Judgment as to this Settlement; and (iii) the Court's Final Judgment has become Final.

23.     "Settlement Proceeds" shall have the meaning described in "Gross Settlement Amount," above.

24.     "Share Form," shall mean a form in substantially the form as **Exhibit A** attached hereto. It is the Share Form, approved by the Parties and subject to Court approval, which the Settlement Administrator will mail to each Class Member explaining the Class Member's estimated Individual Settlement Payment.

## II.     RECITALS

25.     On August 2, 2019, Plaintiff commenced the Action on behalf of himself and all others allegedly similarly situated with respect to the claims asserted, and Plaintiff filed his First Amended Complaint on August 2, 2019 in the King County Superior Court. On September 3, 2019, Defendant filed its Notice of Removal, removing this case to the U.S. District Court for the Western District of Washington.

26.     The Parties, through their attorneys, agreed to engage in an informal exchange of discovery and information. Class Counsel sent a request for informal discovery to Defense

counsel, and in April of 2021, Defendant's counsel provided Class counsel with a set of response documents including, *inter alia*, Plaintiff's personnel file and wage statements, and a class list spreadsheet showing the Class Members' hire dates, termination dates, and their piece-rate compensation earned during the Class Period.

27.    On April 22, 2021, after the exchange of informal discovery, the Parties engaged in private negotiations through mediation with Cliff Freed, Esq. serving as neutral. Through mediation and subsequent negotiations, the Parties agreed to resolve this matter under the terms of this Agreement.

28.    Defendant denies any liability or wrongdoing of any kind associated with the claims alleged, and contends that, for any purpose other than this Settlement, the Action is neither actionable nor appropriate for class treatment under Washington CR 23, Rule 23 of the Federal Rules of Civil Procedure, or otherwise.  The Parties agree, however, that it is appropriate to certify the class for purposes of this Settlement only.

29.    Class Counsel represent that they have conducted a thorough investigation into the facts of this Action and have diligently pursued an investigation of the Class Members' claims against Defendant, including engaging in pre-mediation investigation, reviewing substantial data and documents, and researching the applicable law and potential defenses. Based on their own independent investigation and evaluation, Class Counsel are of the opinion that the Settlement is fair, reasonable and adequate and is in the best interests of Class Members in light of all known facts and circumstances, including the risk of protracted litigation, the risk that the Court would not certify a class action, and Defendant's defenses and potential appellate issues.

30.    Defendant agrees that the Settlement is fair, reasonable and adequate under the circumstances, taking into account litigation risks and costs of defense.

31.    This Settlement represents a compromise of materially disputed claims.  Nothing in this Settlement is intended or will be construed as an admission by Defendant that Plaintiff's claims in the Action have merit or that Defendant has any liability to Plaintiff or the Class

Members on those claims.

32.     The entry of Final Judgment in this action shall dismiss with prejudice all claims set forth in the Action, provided that it will also state that the Court retains jurisdiction to enforce the terms of the Settlement.

## III.    <u>TERMS OF SETTLEMENT</u>

33.     The Parties agree that, with the Court's approval, the Court shall certify a class solely for the purpose of implementing the terms of this Settlement.

34.     <u>Gross Settlement Amount</u>:  The Gross Settlement Amount under this Settlement is $100,000, as defined above.

35.     <u>Checks Cashed Process</u>:  Participating Class Members (i.e., those who do not timely and validly Opt Out) will receive a check pursuant to this Settlement as set forth under Paragraph 38. If any Participating Class Members do not cash their checks within the 90-day Check Cashing Period, any amounts associated with those Class Members' uncashed checks will be sent by the Settlement Administrator to the State of Washington's Unclaimed Property Fund with the associated name of the Class Member pursuant to Washington's Unclaimed Property Act (RCW 63.29, *et seq*.).  If any Class Members opt-out of the Settlement, their portion of the Settlement shall remain with the Settlement Proceeds available for pro-rata distribution to the Participating Class Members.

36.     <u>Class Counsel's Attorneys' Fees and Costs</u>:  Defendant will not oppose Class Counsel's request to the Court for approval of a total for attorneys' fees in an amount that does not exceed 30% of Gross Settlement Amount (i.e., $30,000), to be paid out of the Gross Settlement Amount, plus up to $7,500 in litigation costs. The Settlement Administrator will issue to Class Counsel a Form 1099 with respect to their awarded fees and costs.

37.     <u>Class Representative Payment</u>:  Defendant will not oppose Plaintiff's application to the Court for a Class Representative Payment not to exceed $5,000 to the Class Representative, to be paid out of the Gross Settlement Amount, in addition to his Individual

Settlement Payment. The Settlement Administrator will issue to the Class Representative a Form 1099 with respect to his Class Representative Payment.

38. <u>Distribution to Class Members</u>: Distribution of the Settlement Proceeds shall be made by the Settlement Administrator as follows:

(a) After deductions of Court approved Class Counsel's attorneys' fees and expenses, the Class Representative Payment, the estimated payment for the services of the Settlement Administrator, the remainder of the Gross Settlement Amount (i.e., the Settlement Proceeds) shall be available to be distributed to the Participating Class Members.

(b) Every Participating Class Member—meaning all Class Members who have not timely and properly opted-out of the Settlement—will be entitled to his or her allocated share of the Settlement Proceeds. The calculation is as follows and is based upon the information provided to the Settlement Administrator by Defendant: each Class Member's share shall be calculated by first dividing his or her Piece Rate Earnings during the Class Period by the sum total of all Class Members' Piece Rate Earnings during the Class Period. This calculation will result in a percentage figure for each Class Member (the "Percentage Figure"). The Percentage Figure will then be used to determine each Class Member's portion of the Settlement Proceeds by multiplying the Percentage Figure to the Settlement Proceeds. This portion is referred to as the "Settlement Share."

(c) One-fourth (25%) of every Individual Settlement Payment will represent wages allegedly due and will be subject to required legal deductions and reported on a Form W-2. The other three-fourths (75%) of every Individual Settlement Payment will represent alleged penalties and interest and will be reflected on a Form 1099. The Settlement Administrator will withhold appropriate taxes from the Individual Settlement Payments. The W-2s and 1099s will be prepared by the Settlement Administrator.

39. <u>Settlement Payment Date</u>: Within thirty (30) days after the Settlement Effective

Date, Defendant shall fund the settlement.  Within forty (40) days after the Settlement Effective Date, the Settlement Administrator shall mail the Individual Settlement Payments to eligible Participating Class Members; pay the appropriate taxes to the appropriate taxing authorities; make payment of Court approved attorneys' fees and costs to appropriate counsel; and make payment of the Class Representative Payment approved by the Court.

## IV.  NOTICE TO THE CLASS MEMBERS

40.    Within thirty (30) days after the Court's entry of its order granting preliminary approval, Defendant will provide the Settlement Administrator with the names, last known addresses, phone numbers, Social Security numbers, and the amount of Piece Rate Earnings during the Class Period for the Class Members.

41.    The Settlement Administrator will use reasonable tracing to verify the accuracy of the addresses before the initial mailing to ensure that the Notice is sent to Class Members at the addresses most likely to result in prompt receipt.  It will be conclusively presumed that if an envelope so mailed has not been returned within thirty (30) days of the mailing that the Class Member received the Notice.  With respect to envelopes returned as undeliverable, the Settlement Administrator will use reasonable diligence to obtain a current address and re-mail the envelope to such address.

42.    Class Counsel shall provide the Court, at least six (6) business days prior to the final fairness hearing, a declaration by the Settlement Administrator specifying the due diligence it has undertaken with regard to the mailing of the Notice.

## V.  CLASS NOTICE DISSEMINATION PROCESS

43.    The Class Notice and Share Form distributed to Class Members, attached substantially hereto as Exhibit A, or as otherwise approved by the Court, shall be sent by the Settlement Administrator to each Class Member by first-class mail within fifteen (15) calendar days after the Settlement Administrator receives the information from Defendant as set forth above in paragraph 40.

44.     The Notice and Share Form will explain that the Class Members who wish to receive their portion of the Settlement do not need to return the Share Form unless they wish to challenge their portion of the Settlement Proceeds.  Each Participating Class Member will be bound for purposes of the Settlement in this Action by the releases set forth in this Settlement.

45.     Class Members shall have forty-five (45) calendar days from the mailing of the Class Notice and Share Form to opt-out of the Settlement (the Response Deadline). A Class Member who has opted-out shall have no standing to object to the Settlement and will not be entitled to be heard at the Final Approval Hearing.

46.     <u>Opt-Out Provisions</u> – The Class Notice shall inform Class Members how they may opt-out of the Settlement. Any Class Member who properly requests to opt-out will not be entitled to receive a Settlement Share and will not be bound by the Settlement or have any right to object, appeal, or comment thereon. Prior to the Response Deadline, any Class Member who has elected to opt-out may withdraw that election by notifying the Settlement Administrator in writing that he or she wishes to be a Participating Class Member.

47.     The Share Form must be postmarked by the Response Deadline if delivered to the Settlement Administrator by postage pre-paid U.S. first-class mail. If delivered by means other than mail, it must be received by the Settlement Administrator on or before the Response Deadline. The written objections to the Settlement must be signed by the Class Member. Class Counsel and Defendant's Counsel may mutually agree, but need not, in their respective sole discretion, to accept late-filed objections that are received prior to the Settlement Effective Date. Any objection to the Settlement that is (1) not postmarked by the Response Deadline, (2) not received by the Settlement Administrator by the fifth (5th) calendar day after the Response Deadline; (3) not received by other means by the Settlement Administrator by the Response Deadline; or (4) not signed by the Class Member is not considered a valid objection. The Settlement Administrator shall forward any objections received to counsel for all Parties within five (5) days of receipt, and Class Counsel shall file the objections and any responses thereto

with the Court prior to the final fairness hearing.

48.     <u>Share Form Disputes</u> – If a Class Member disagrees with any of the information listed on his or her Share Form concerning the Piece Rate Earnings included on the Share Form, the Class Member may dispute such information by returning a signed Share Form with a statement containing the amount of Piece Rate Earnings that the Class Member believes he or she earned. The Class Member must attach documents to the Share Form to support his or her dispute. The Share Form with the disputed information and any documents must be received by the Response Deadline. The Share Form must include a telephone number to be used to contact the Class Member if necessary. The Settlement Administrator shall resolve the disagreement with the Participating Class Member using the employee records provided by Defendant and the Participating Class Member, in consultation with Defendant's Counsel.

49.     Class Members who fail to submit a valid and timely request to opt-out shall be bound by all terms of the Settlement and any Final Judgment entered in the Action if the Settlement is finally approved by the Court.

50.     The Settlement Administrator shall provide updates to Class Counsel and Defendant's counsel every week with (1) the number of undeliverable notices/forms; (2) the number of any opt-outs; and (3) any disputes by Class Members.  The Settlement Administrator shall provide the opt-outs submitted to Class Counsel and Defendant's Counsel.

51.     Within fifteen (15) days after the close of business of the Response Deadline, the Settlement Administrator will provide to Class Counsel and Defendant's counsel a declaration including a statement of due diligence and proof of mailing of the Class Notice and Share Form to the Class Members and a statement as to the number of opt-outs received.  Class Counsel shall provide this information to the Court within its Motion for Final Approval of this Settlement.

52.     For purposes of computing the Settlement Shares initially for purposes of sending the Share Form, the Settlement Administrator shall use the estimated Employer Taxes for all Class Members in computing the Net Settlement Amount. For purposes of computing the

Settlement Shares after the Final Approval Hearing, the Settlement Administrator shall use the actual Employer Taxes for all Participating Class Members in computing the Net Settlement Amount, or Settlement Proceeds. In calculating the Settlement Shares, the Settlement Administrator shall assume 100% participation of the Class. The Share Form shall advise Class Members that their Settlement Share or Individual Settlement Payment is an estimate based on 100% participation, and that the actual amount payable to each Class Member may be higher or lower depending on various factors, such as the number of opt-outs and the Court's rulings on other matters. The Class Notice shall advise Class Members of the split percentage between W-2 and 1099 and that Class Members should seek independent tax advice about the tax consequences of their Individual Settlement Payments. Defendant will not be responsible for payment of any taxes or any tax consequences to any Class Member as a result of any settlement payment.

53.     The Settlement Administrator shall be responsible for issuing and mailing the checks for the court-approved Settlement Share payments to the Participating Class Members.

54.     The Settlement Administrator shall be responsible for distributing the payments pursuant to this Settlement, and for paying all applicable taxes to the appropriate taxing authorities. The Settlement Administrator will submit to Class Counsel for filing with the Court proof of all payments made from the Gross Settlement Amount with the Court and will serve all counsel with a copy of the same, within forty-five (45) days of the Settlement Effective Date.

55.     The Settlement Administrator shall be responsible for complying with any Class Action Fairness Act notice requirements.

## VI.    **RELEASE OF CLAIMS**

56.     <u>Released Claims by Class Representative:</u>  In consideration of his awarded Class Representative Payment and the other terms and conditions of the Settlement, and understanding that there is a *bona fide* dispute regarding wages he may be owed, among other things, Plaintiff irrevocably releases and discharges Defendant and all of its affiliated agents, employees,

servants, officers, directors, partners, trustees, representatives, shareholders, stockholders, attorneys, parents, subsidiaries, equity sponsors, related companies/corporations and/or partnerships (defined as a company/corporation and/or partnership that is, directly or indirectly, under common control with Defendant or any of its parents and/or affiliates), divisions, assigns, predecessors, successors, insurers, consultants, joint ventures, joint employers, affiliates, and alter-egos, and all of their respective past, present and future employees, directors, officers, agents, attorneys, stockholders, fiduciaries, parents, subsidiaries, and assigns (the "Released Parties"), from all known and unknown claims, promises, causes of action, or similar rights of any type that he presently may have with respect to any of the Released Parties through the date of final approval by the court ("Released Claims"). The Released Claims might arise under many different foreign, domestic, national, state, or local laws (including statutes, regulations, other administrative guidance, and common law doctrines), such as federal and state anti-discrimination statutes, and other laws such as those providing recourse for alleged wrongful discharge, tort, personal injury, emotional distress, fraud, negligence, defamation, and similar or related claims, as well as those related to compensation, pay deductions, tax treatment of earnings, wage disputes of any nature (including those pursuant to the Fair Labor Standards Act), penalties, liquidated damages, punitive damages, attorneys' fees, benefits, and family and medical leave rights. Plaintiff's release includes all claims that were made, or could have been made, against the Released Parties in the Action through the date of final approval of the Settlement. This release does not release claims for worker's compensation or unemployment compensation. Plaintiff agrees to promptly pay and to indemnify and hold the Released Parties herein harmless from and against any and all loss, cost, damage or expense, including without limitation, attorneys' fees, interest, assessments, and penalties, arising out of any dispute over the tax treatment of any of the proceeds received by Plaintiff as a result of this Release.

57. <u>Released Claims by Class Members</u>: In consideration of their Individual Settlement Payments and the other terms and conditions of the Settlement, and recognizing that

there is a *bona fide* dispute regarding wages owed, among other things, each Participating Class Member (including the named Class Representative) will irrevocably release and discharge Defendant and all of its affiliated agents, employees, servants, officers, directors, partners, trustees, representatives, shareholders, stockholders, attorneys, parents, subsidiaries, equity sponsors, related companies/corporations and/or partnerships (defined as a company/corporation and/or partnership that is, directly or indirectly, under common control with Defendant or any of its parents and/or affiliates), divisions, assigns, predecessors, successors, insurers, consultants, joint ventures, joint employers, affiliates, and alter-egos, and all of their respective past, present and future employees, directors, officers, agents, attorneys, stockholders, fiduciaries, parents, subsidiaries, and assigns (the "Released Parties") from all claims that were or could have been asserted based on the allegations in the First Amended Complaint ("Complaint") against Defendant from August 2, 2016 through the date of preliminary approval by the Court, including but not limited to claims for unpaid rest periods, claims for unpaid non-piece-rate work (also referred to as "on-duty, not driving" or "non-productive" time), associated overtime pay, double damages, penalties, and interest under the Industrial Welfare Act (RCW 49.12, *et. seq*.), WAC Section 296-126-092, the Minimum Wage Act (RCW 49.46, *et. seq*.), Chapters 49.48 and 49.52 RCW, attorneys' fees and costs, and for all other wage and hour claims, known or unknown, arising from the facts and causes of action that were or could have been alleged in the Complaint or listed in this Paragraph under any state, federal or local law, to full extent permitted by law. This release does not release claims for worker's compensation or unemployment compensation. Each Participating Class Member is responsible for appropriately reporting the proceeds received as a result of this Release on his/her taxes and agrees to hold the Released Parties harmless with respect to any dispute arising from or related to such reporting.

58.   <u>Additional Attorneys' Fees Released by Class Counsel</u>:  In consideration for their Court-approved attorneys' fees and expenses, Class Counsel waives any and all claims to any further attorneys' fees or costs in connection with the Action.

///

## VII.  CONFIDENTIALITY

59.    Plaintiff and Class Counsel agree that they will not issue any press releases, initiate any contact with the press, respond to any press inquiry or have any communication with the press about this action, or the fact, amount or terms of the Settlement.

60.    Plaintiff and Class Counsel agree that they will not engage in any advertising or distribute any marketing materials relating to the Settlement that identifies Defendant, including but not limited to any postings on any websites maintained by Class Counsel. Class Counsel shall be permitted to make reference to the Settlement in connection with mediations or submitting declarations concerning adequacy in other cases (i.e., Class Counsel may identify the case name, case number, provide a description of the case and resolution, and confirm the fact that they were approved as Class Counsel).

61.    Any communication about the Settlement to Class Members by Class Counsel or Plaintiff prior to the Court-approved mailing will be limited to a statement that a settlement has been reached and the details will be communicated in a forthcoming Court-approved Notice.

62.    Defendant shall have the right to rescind this Settlement, rendering it null and void, if Plaintiff or Class Counsel violate the obligations in this Section VII.

## VIII.  NO EFFECT ON OTHER BENEFITS

63.    The Parties agree that the calculations made regarding the Settlement amounts and the pro-ration of the same among the Class Members, are for purposes of this Settlement only, and do not give rise to any other rights under any benefit plans or otherwise.

64.    Payments under this Settlement shall not be considered compensation under any of Defendant's employee benefit plans.

## IX.  DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

65.    Cooperation:  The parties will cooperate to overcome any objections to the Settlement Agreement that the Parties have determined is a fair and reasonable settlement for the Class. The Parties and their counsel agree to cooperate and take all reasonable steps necessary

and appropriate to obtain preliminary and final approval of this Settlement, to effectuate its terms, and to dismiss the Action with prejudice. The Parties further agree that neither they nor their counsel will solicit or otherwise encourage Class Members to object to or Opt Out of the Settlement. Class Counsel agrees not to solicit, directly or indirectly, any employee or former employee of Defendant to file any claim against Defendant. This does not prohibit Class Counsel from representing a current or former employee of Defendant that voluntarily, and without solicitation, seeks out Class counsel.

66.     Fair, Reasonable and Adequate Settlement:  The Parties agree that the Settlement is fair, reasonable and adequate and will so represent to the Court.

67.     Unopposed Motion for Preliminary Approval of Settlement:  Class Counsel will move the Court for an Order Granting Preliminary Approval of the Settlement and Notice substantially in the following form which Defendant shall not oppose, but Defendant will have an opportunity to review before filing:

(a)     Setting a date for a fairness hearing on the question whether the proposed Settlement should be finally approved as fair, reasonable and adequate as to the Class;

(b)     Approving as to form, content and distribution of the proposed Notice;

(c)     Directing the mailing of the Notice to the Class Members;

(d)     Preliminarily approving the Settlement;

(e)     Preliminarily certifying a class consisting of Plaintiff and Class Members for purposes of Settlement only;

(f)     Approving Craig Ackermann, Brian Denlinger, India Bodien, and their respective law firms, as Class Counsel; and

(g)     Approving CPT Group, Inc. or another administrator agreed to by the Parties as the Parties' mutually agreed upon Settlement Administrator.

## X.     DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL

68.     Following final approval of the Settlement by the Court, Class Counsel will submit

a proposed Final Judgment substantially in the following form:

      (a)    Certifying a Settlement Class consisting of Plaintiff and Participating Class Members for purposes of Settlement only;

      (b)    Approving the Settlement, adjudging the terms to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

      (c)    Approving the Class Representative Payment to the Named Plaintiff;

      (d)    Approving the payment of attorneys' fees and expenses to Class Counsel;

      (e)    Dismissing the Action on the merits with prejudice and without an award of costs or fees to any party, and permanently barring all Class Members and Plaintiff from prosecuting any and all Released Claims set forth above.

## XI.   PARTIES' AUTHORITY

69.    The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## XII.   MUTUAL FULL COOPERATION

70.    The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement. As soon as practicable after execution of this Settlement, Class Counsel shall, with the cooperation of Defendant and its counsel, take all steps necessary to secure the Court's Final Judgment.

## XIII.   NO PRIOR ASSIGNMENTS

71.    The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right

released and discharged in this Settlement.

## XIV. **NO ADMISSION**

72.    Nothing contained in this Settlement shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant.  Defendant denies any such liability.  Each of the Parties has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

73.    This Settlement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

## XV. **ENFORCEMENT ACTIONS**

74.    In the event that one or more of the Parties institutes any legal action against any other party or Parties to enforce the provisions of this Settlement or to declare rights and/or obligations under this Settlement, the successful party or Parties shall be entitled to recover from the unsuccessful party or Parties reasonable attorneys' fees and costs, including expert witness fees and costs incurred in connection with any enforcement actions.

## XVI. **NOTICES**

75.    Unless otherwise specifically provided, all notices, demands or other communications shall be in writing and shall be deemed to have been duly given as of the fifth (5th) business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

    To the Class:

    India Lin Bodien, Esq.
    India Lin Bodien, Attorney at Law
    2522 North Proctor Street, #387
    Tacoma, Washington 98406

    Craig Ackermann, Esq.
    Brian Denlinger, Esq.
    Ackermann & Tilajef, P.C.
    2602 North Proctor Street, #205
    Tacoma, Washington 98406

To Defendant:

Sheryl J. Willert, Esq.
Jeffery M. Wells, Esq.
Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101

## XVII.  VOIDING THE AGREEMENT

76.     If this Settlement is not approved, or if the Court's Final Judgment is materially modified on appeal, then this Settlement will become null and void, no payment under this Settlement will be made, and the Settlement shall not be used nor be admissible in any subsequent proceeding either in this Court or in any other Court or forum, nor shall there be any certification of the Class, as it is being requested here solely for the purposes of this Settlement. If there is any reduction in the attorneys' fee award and/or costs requested, such reduction may be appealed as set forth below but is not a basis for rendering the Settlement voidable and unenforceable.

## XVIII. CONSTRUCTION

77.     The Parties agree that the terms and conditions of this Settlement are the result of intensive arm's-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her or its counsel participated in the drafting of this Settlement.

## XIX.   CAPTIONS AND INTERPRETATIONS

78.     Paragraph titles or captions contained in this Settlement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision.  Each term of this Settlement is contractual and not merely a recital.

## XX.    MODIFICATION

79.     This Settlement may not be changed, altered, or modified, except in writing and signed by the Parties, and approved by the Court.
///

## XXI. INTEGRATION CLAUSE

80.     This Settlement contains the entire agreement between the Parties, and, once it is fully executed, all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action, are merged in this Settlement.  No rights under this Settlement may be waived except in writing.

## XXII. BINDING ON ASSIGNS

81.     This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## XXIII. CLASS COUNSEL SIGNATORIES

82.     It is agreed that it is impossible or impractical to have each Class Member execute this Settlement.  The Notice will advise all Class Members of the binding nature of the release. Excepting only the Class Members who submit a timely and valid Opt Out, the Notice shall have the same force and effect as if this Settlement were executed by Plaintiff and each Class Member with regard to the Release of Claims recited in Section VI, paragraphs 56 (Plaintiff) and 57 (Class Members).

## XXIV. COUNTERPARTS

83.     This Settlement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, either by original signature, facsimile signature, or electronic signature, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties.

## XXV. RIGHT OF APPEAL

84.     The Parties agree to waive all appeals from the Court's Final Judgment of this Settlement, unless the Court materially modifies the Settlement; provided, however, that Plaintiff may appeal any reduction in the requested amount of attorneys' fees and/or costs, or Class

Representative Payment.

## XXVI. <u>CLASS CERTIFICATION</u>

85.     The Parties agree that the stipulation of class certification is for the purposes of this Settlement only and if for any reason the Settlement is not approved, the Settlement will be of no force or effect, the class will not be certified and no payment will be made.  The Parties agree that certification for settlement purposes is in no way an admission that class certification is proper and that evidence of this stipulation for settlement purposes only will not be deemed admissible in this or any other proceeding.

## XXVII. <u>RIGHT OF REVOCATION</u>

86.     In the event that more than 5% of the Class Members opt out of the Settlement (i.e., 5 or more Class Members assuming the class size is and remains 87), Defendant has the right to void the Settlement. The Settlement Administrator will notify Defendant of the total number of opt-outs within 14 days after the deadline for the submission of Requests for Exclusion. Defendant shall have 10 days thereafter to notify the Settlement Administrator and Class Counsel of its election to void the Settlement, after which the election shall be waived.

87.     In the event that the Class contains 15% more Class Members, as of the hearing on Plaintiff's Motion for Preliminary Approval, than the 87 of which Class Counsel were informed prior to the execution of the Memorandum of Understanding on April 22, 2021 (i.e., 14 or more total Class Members), then Plaintiff will have the right to void this Agreement unless Defendant agrees to proportionately increase the gross settlement amount to account for those individuals.

///

///

///

///

# XXVIII.    NO RETALIATION

88.     Defendant agrees that it will not engage in discrimination or retaliation of any kind against the Class Representative as a result of filing this action, or for giving testimony, assistance, or participating in any manner in an investigation, proceeding, or hearing pursuant to this action, or any Class Member for choosing to participate or not participate in this Settlement.

## COUNSEL AND THE PARTIES

DATED:  June 16, 2021                    WILLIAMS, KASTNER & GIBBS PLLC

By: _____
    SHERYL J. WILLERT, ESQ.
    JEFFERY M. WELLS, ESQ.
    Attorneys for Defendant

DATED:  June 3, 2021                    ACKERMANN & TILAJEF, P.C.

By: _____
    CRAIG ACKERMANN, ESQ.
    BRIAN DENLINGER, ESQ.
    Attorneys for Plaintiff

DATED:  June 3, 2021                    INDIA LIN BODIEN, ATTORNEY AT LAW

By: _____
    INDIA LIN BODIEN, ESQ.
    Attorney for Plaintiff

DATED:  June 3, 2021

By: _____
    KEVIN CRANE
    PLAINTIFF

DATED:  June 11, 2021

By: _____
    URS MIDWEST, INC.
    DEFENDANT
    By: Mark Anderson
    Its: President & CEO

Page **21** of **21**
SETTLEMENT AGREEMENT
KEVIN J. CRANE v. URS MIDWEST, INC.